**\*DECEMBER TERM 1806, AT PHILADELPHIA.**
FOR THE EASTERN DISTRICT.

CORAM—TILGHMAN, CHIEF JUSTICE, YEATES, SMITH\* AND BRACKENRIDGE,
JUSTICES.

## John Thompson *against* Jeremiah Warder.

It is matter of practice to recommit an informal report to the same referees, though against the consent of the adverse party.

Mr. DALLAS, for the plaintiff moved, that a report of referees should be recommitted to them, to correct an informality therein.

The plaintiff was ready for trial at the last March term, but at the instance of the defendant's counsel, submitted to a reference. Before the referees met, the plaintiff died intestate, and letters of administration were issued on his estate on the 27th August 1806. Notice according to the rule was served on the defendant, but he did not attend the referees, nor object to their proceeding, on account of the death of the plaintiff. The referees met and examined the testimony ; the letters of administration were laid before them, and on the 19th September, they found 1520 dolls. 91 cts. to be due to the plaintiff, and on the next day the report was filed in the prothonotary's office. On the second day of this term, the death of the plaintiff was suggested, and also that letters of administration had been granted to Andrew Miller.

It was now moved, that the referees should be at liberty to charge the sum found due to the plaintiff's administrator or his estate. It was urged to be a plain oversight and clerical mistake, as the referees had seen the letters of administration ; and that the court had exercised a like power in former instances.

Mr. Hallowel, for the defendant, opposed the motion. Judgment *nisi* was entered on the report, and the exceptions have been filed within the four days. By the common law, the suit was at an end by the plaintiff's death ; and no statute or act of assembly justifies the alteration prayed for. The referees have found the money due to the plaintiff after his death ; and the object \*of the motion is to enter judgment for Miller, the administrator. The adverse counsel should have waited till the day in Bank, and then made their suggestion ; or at least they should have entered the name of the administrator on record, before the referees met.

\*337]

The court declared that they saw no difficulty in granting the motion, though against the consent of the adverse party, in case of an informality. The practice had obtained in other cases, and

---

\* During the first two weeks of the term, SMITH, J. was prevented from attending the court by indisposition. YEATES, J. was absent the two last weeks, for the same cause.

[Forrest *v.* Waln et al.]

evidently conduced to justice. The parties at length mutually agreed, that the defendant should be heard on a stated day by the same referees, to make his objections to the sum found due.

Cited in 4 Watts 65 to shew that for the purpose of correcting an informality or a clerical mistake in the award the court has sometimes recommitted it to the arbitrators without the consent of the parties.